JEFF NAPOLI, OSB No. 99086
E-Mail: jnapoli@gilroynapoli.com
Gilroy & Napoli LLC
Attorneys at Law
PO Box 2150
15924 Quarry Road
Lake Oswego, OR  97035
Telephone: (503) 620-9887
Fax:  (503) 620-4884

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| ERIN BARNES,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NA (USA), a foreign legal entity,<br><br>Defendant. | CV 10-378 BR<br><br>Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>(42 USC § 2000e; ORS 659.030; Intentional Infliction of Emotional Distress)<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff alleges:

## I.

## INTRODUCTION

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination and harassment on the basis of sex in violation of 42 USC 2000e (Title VII of the Civil Rights Act of 1964, hereinafter "Title VII"),

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                          Page 1

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

ORS 659A.030 and for the state tort claim of intentional infliction of emotional distress.

## II.

## JURISDICTION AND VENUE

2.      Plaintiff, Erin Barnes, a female (hereinafter "Plaintiff") invokes this Court's jurisdiction pursuant to 42 USC 2000e-5 and 28 USC 1331 over Plaintiff's federal claims and supplemental jurisdiction over her state claims pursuant to 42 USC 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.      All of the acts complained of herein were committed in the state of Oregon.

## III.

## PARTIES

4.      At all material times, Defendant Bank of America is a foreign legal entity. At all material times Defendant acted through its employees who were acting within the scope of their agency and employment of Defendant.

5.      Plaintiff is a resident of the state of Oregon.

## IV.

## ADMINISTRATIVE EXHAUSTION

6.      This Complaint was filed before the expiration of 90 days after issuance of a Right-to-Sue letter by the Equal Employment Opportunity Commission.

## V.

## GENERAL ALLEGATIONS

7.      Plaintiff was an employee of Defendant in its Portland, Oregon office from November 2006 until September 16, 2008.

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                      Page 2

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

8.    Shortly after she began her employment, Plaintiff's co-workers, management and/or supervisors, in particular Jim Parsley, subjected Plaintiff to a hostile work environment through sexually degrading comments and behavior. The comments and behavior by Parsley included but was not limited to:

a)    text messages sent to her during the evenings and weekends;

b)    repeated stares at Plaintiff's bottom and breasts;

c)    asking the question "I wonder who the wife is in that relationship?" regarding a lesbian co-worker;

d)    repeated questions regarding Plaintiff's boyfriend and their sexual activities;

e)    requests that Plaintiff do things that required her to crouch down next to him and then he would say "that's where I like you, right down on your knees;"

f)    asking Plaintiff why she didn't wear the same dresses she wore when she first interviewed with him;

g)    telling Plaintiff that he felt that women should wear dresses more and wear those tall heels because they make women's legs look so good;

h)    requesting that Plaintiff wear high heels and her interview dresses more;

i)    grabbing Plaintiff's legs on several occasions when they would be sitting adjacent to each other;

j)    putting his arm around Plaintiff's waist and grabbing a hold of her sides while making growling noises at her;

////

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                        Page 3

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

k) .     grabbing Plaintiff's hand and stroking her finger. When Plaintiff
tried to pull away, Parsley grabbed her hand tighter and
squeezed it intermittently.

9.     On or about April 30, 2008, Plaintiff complained to management of the
comments and behavior of her supervisor, Jim Parsley. The comments did not stop
and Defendant failed to investigate in a timely manner and did not take appropriate
action to prevent harm to Plaintiff.

10.     Defendant subjected Plaintiff to retaliation for her complaints. The
retaliation included but was not limited to increased scrutiny, continued harassment
by Parsley and management personnel, and ultimately termination.

11.     Defendant terminated Plaintiff on or about January 2009, due to
her complaints of sexual harassment, sexual discrimination, hostile work
environment and/or retaliation.

## VI.

## STATEMENT OF CLAIMS

### (42 USC § 2000e, *et seq.*)

12.     Plaintiff realleges paragraphs 1 through 11.

13.     Defendant is an employer within the meaning of Title VII.

14.     With malice and reckless disregard to Plaintiff's rights, Defendant
discriminated against Plaintiff in the terms and conditions of her employment on the
basis of her sex in violation of Title VII.

15.     Defendant terminated Plaintiff's employment on the basis of her sex in
violation of Title VII.

16.     Plaintiff has suffered, and will continue to suffer, irreparable injury from
Defendant's policies and practices as set forth in this Complaint.

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 4

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

17.    Defendant's conduct as alleged herein caused Plaintiff to suffer lost wages and benefits of employment from the date of her termination through the anticipated date of trial in a sum to be determined at trial.

18.    Reinstatement of Plaintiff is not feasible, and Plaintiff is entitled to recover damages for future lost wages and benefits of employment and lost earning capacity.

19.    As a direct and proximate result of said acts, Plaintiff has suffered, and will continue to suffer, severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation, and loss of enjoyment of life for which Plaintiff should recover such sums as may be fixed by a jury based upon the proof at trial.

20.    Plaintiff is entitled to injunctive relief for Defendant's violations of her rights as guaranteed by Title VII.

21.    Defendant's violations of Title VII were willful, malicious and/or reckless and Defendant should be assessed punitive damages in an amount to be set by the jury and available under applicable law to punish Defendant and deter such conduct in the future.

22.    Plaintiff is entitled to her reasonable attorney and expert witness fees, and reasonable costs pursuant to 760(k) of the Civil Rights Act of 1964 (42 US § 2000e-5(k)) and 42 USC § 1988.

## SECOND CLAIM FOR RELIEF

### Discrimination in Violation of ORS 659A.030

23.    Plaintiff repeats each and every allegation contained in paragraphs 1 to 22 of this Complaint with the same force and effect as if set forth herein.

24.    Defendant is an employer within the meaning of ORS 659A.001(4).

////

COMPLAINT AND DEMAND FOR JURY TRIAL

Page 5

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 • 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 • FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com • jnapoli@gilroynapoli.com

25. With malice and reckless disregard, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of ORS Chapter 659A.030.

26. Defendant terminated Plaintiff's employment on the basis of her sex in violation of ORS Chapter 659A.030.

27. As a direct and proximate result of the termination, Plaintiff has suffered, and will continue to suffer, irreparable injury from Defendant's policies and practices as set forth in this Complaint.

28. Defendant's conduct as alleged herein caused Plaintiff to suffer lost wages and benefits of employment from the date of her termination through the anticipated date of trial in a sum to be determined at trial, for which Plaintiff should recover from Defendant.

29. Reinstatement of Plaintiff is not feasible, and Plaintiff is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

30. As a direct and proximate result of said acts, Plaintiff has suffered, and will continue to suffer, severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation, and loss of enjoyment of life for which Plaintiff should recover such sums as may be fixed by a jury based upon the proof at trial.

31. Defendant's violations of ORS 659A.030 were willful, malicious and/or reckless and Defendant should be assessed punitive damages in an amount to be set by the jury to punish Defendant and deter such conduct in the future.

32. Plaintiff is entitled to all the remedies available under ORS 659A.885(3) to include compensatory damages or $200.00, whichever is greater.

////

COMPLAINT AND DEMAND FOR JURY TRIAL

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

33.     Plaintiff is entitled to her attorney fees, expert fees and reasonable costs in this matter pursuant to ORS 659A.885 and ORS 20.107.  She is entitled to prejudgment and post-judgment interest at the statutory rate pursuant to ORS 82.010.

### THIRD CLAIM FOR RELIEF

### Sexually Hostile Work Environment - Violation of 42 USC § 2000e

34.     Plaintiff repeats each and every allegation contained in paragraphs 1 to 33 of this Complaint with the same force and effect as if set forth herein.

35.     Defendant's conduct had the purpose and effect of creating an intimidating, hostile and offensive working environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance and otherwise adversely affected her employment opportunities.

36.     Defendant's creation of a sexually hostile work environment for Plaintiff constitutes unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

37.     Defendant's conduct as alleged herein caused Plaintiff to suffer lost wages and benefits of employment from the date of her termination through the anticipated date of trial in a sum to be determined at trial, for which Plaintiff should recover from Defendant.

38.     Reinstatement of Plaintiff is not feasible, and Plaintiff is entitled to recover damages for future lost wages and benefits of employment and lost earning capacity.

39.     As a result of Defendant's intentional acts alleged herein, Plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation, and loss of enjoyment of life

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 7

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

for which Plaintiff should recover such sums as may be fixed by a jury based upon the proof at trial.

40.    Defendant's acts were done intentionally with an improper, abusive, discriminatory and retaliatory motive and with reckless indifference to Plaintiff's state and federally protected rights.  Punitive damages in an amount as fixed by a jury and available under applicable law, should be awarded to punish Defendant and to deter such conduct in the future.

41.    Plaintiff is entitled to a declaration that Defendant is in violation of the statutory provisions under which Plaintiff brings her action and to a permanent injunction enjoining Defendant, its owners, officers, management personnel, employees, agents, successors and assigns, and all persons in active concert of participation with Defendant, from engaging in any discriminatory employment practice, on such terms as the court may direct.

42.    Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein, pursuant to 42 USC § 1988 and 42 USC § 2000e 5(k).

### FOURTH CLAIM FOR RELIEF

### Violation of ORS 659A.030 - Sexually Hostile Work Environment

43.    Plaintiff repeats each and every allegation contained in paragraphs 1 to 42 of this Complaint with the same force and effect as if set forth herein.

44.    Defendant's conduct had the purpose and effect of creating an intimidating, hostile and offensive working environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

45.    Defendant's creation of a sexually hostile work environment for Plaintiff constitutes unlawful sexual harassment in violation of ORS 659A.030.

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 8

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9867 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

46.    Defendant's conduct as alleged herein caused Plaintiff to suffer lost wages and benefits of employment from the date of her termination through the anticipated date of trial in a sum to be determined at trial, for which Plaintiff should recover from Defendant.

47.    Reinstatement of Plaintiff is not feasible, and Plaintiff is entitled to recover damages for future lost wages and benefits of employment and lost earning capacity.

48.    As a result of Defendant's intentional acts alleged herein, Plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation and loss of enjoyment of life for which Plaintiff should recover such sums as may be fixed by a jury based upon the proof at trial.

49.    Defendant's acts were done intentionally with an improper, abusive, discriminatory and retaliatory motive, and with reckless indifference to Plaintiff's state and federally protected rights. Punitive damages in an amount as fixed by a jury and available under applicable law, should be awarded to punish Defendant and to deter such conduct in the future.

50.    Plaintiff is entitled to a declaration that Defendant is in violation of the statutory provisions under which Plaintiff brings her action and to a permanent injunction enjoining Defendant, its owners, officers, management personnel, employees, agents, successors and assigns, and all persons in active concert of participation with Defendant, from engaging in any discriminatory employment practice, on such terms as the court may direct.

51.    Plaintiff is also entitled to recover her reasonable attorney's fees and costs pursuant to ORS 659A.885(1).

////

COMPLAINT AND DEMAND FOR JURY TRIAL                                        Page 9

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

## FIFTH CLAIM FOR RELIEF

### Retaliation - Violation of 42 USC § 2000e

52.     Plaintiff repeats each and every allegation contained in paragraphs 1 to 51 of this Complaint with the same force and effect as if set forth herein.

53.     Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's opposition to unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

54.     Defendant's decision to retaliate against Plaintiff was motivated in substantial part due to her opposition to unlawful employment practices.

55.     Defendant's conduct as alleged herein caused Plaintiff to suffer lost wages and benefits of employment from the date of her termination through the anticipated date of trial for which Plaintiff should recover from Defendant.

56.     Reinstatement of Plaintiff is not feasible and Plaintiff is entitled to recover damages for future lost wages and benefits of employment and lost earning capacity.

57.     As a result of Defendant's intentional acts alleged herein, Plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation and loss of enjoyment of life for which Plaintiff should recover such sums as may be fixed by a jury based upon the proof at trial.

58.     Defendant's acts were done intentionally with an improper, abusive, discriminatory and retaliatory motive and with reckless indifference to Plaintiff's state and federally protected rights.  Punitive damages in an amount as fixed by a jury and available under applicable law, should be awarded to punish Defendant and to deter such conduct in the future.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 10

**GILROY & NAPOLI LLC**
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

59.     Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein, pursuant to 42 USC § 1988 and 42 USC 2000e 5(k).

## SIXTH CLAIM FOR RELIEF

### Violation of ORS 659A.030 - Retaliation

60.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 59 as though fully set forth herein.

61.     Defendant's decision to retaliate against Plaintiff was motivated in substantial part due to her opposition to unlawful employment practices in violation of ORS 659A.030.

62.     Defendant's conduct as alleged herein caused Plaintiff to suffer lost wages and benefits of employment from the date of her termination through the anticipated date of trial in a sum to be determined at trial, for which Plaintiff should recover from Defendant.

63.     Reinstatement of Plaintiff is not feasible and Plaintiff is entitled to recover damages for future lost wages and benefits of employment and lost earning capacity.

64.     As a result of Defendant's intentional acts alleged herein, Plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation and loss of enjoyment of life for which Plaintiff should recover such sums as may be fixed by a jury based upon the proof at trial.

65.     Defendant's acts were done intentionally with an improper, abusive, discriminatory and retaliatory motive and with reckless indifference to Plaintiff's state and federally protected rights.  Punitive damages in an amount as fixed by a jury and available under applicable law, should be awarded to punish Defendant and to deter such conduct in the future.

COMPLAINT AND DEMAND FOR JURY TRIAL

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com

66.     Plaintiff is entitled to a declaration that Defendant has violated her state statutory right to be free of retaliation.

67.     Plaintiff is also entitled to recover her reasonable attorney's fees and costs pursuant to ORS 659A.885(1).

### SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

68.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 67 as though fully set forth herein.

69.     Defendant's acts of discrimination and those of its employees were done deliberately and intentionally in order to cause Plaintiff severe emotional distress or, alternatively, were undertaken in reckless disregard of the probability that said conduct would cause severe emotional distress to Plaintiff. The conduct of Defendant's employees caused Plaintiff to suffer extreme and severe emotional distress.

70.     As a direct and proximate result of said conduct, Plaintiff suffered past and future loss of wages, loss of employment benefits, mental pain and anguish, embarrassment, loss of dignity and self-esteem, sleeplessness, humiliation, and loss of enjoyment of life, all to Plaintiff's compensatory damage in an amount to be set by the jury.

71.     Defendant's acts, and those of its employees, were committed maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and were undertaken with an improper, evil and retaliatory motive in conscious disregard of Plaintiff's rights. Defendant's acts are type of acts which sanctions tend to prevent and Defendant should be assessed punitive damages in an amount to be set by the jury to punish Defendant and deter such conduct in the future.

////

COMPLAINT AND DEMAND FOR JURY TRIAL

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 • 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 • FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com • jnapoli@gilroynapoli.com

WHEREFORE, Plaintiff prays for judgment as alleged in each claim stated

above.

DATED this 5th day of April 2010.

GILROY & NAPOLI

JEFF NAPOLI, OSB #99086
Of Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

Page 13

GILROY & NAPOLI LLC
ATTORNEYS AT LAW
PO BOX 2150 ● 15924 QUARRY ROAD
LAKE OSWEGO, OREGON 97035
TELEPHONE (503) 620-9887 ● FAX (503) 620-4884
Email: jgilroy@gilroynapoli.com ● jnapoli@gilroynapoli.com